IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02056-PAB

INDYMAC VENTURE LLC,

     Plaintiff,

v.

RICHARD L. LEVINGER, and
VICTORIA L. LEVINGER,

     Defendants.
_____

### ORDER
_____

     This matter is before the Court on defendants Richard L. Levinger and Victoria L. Levinger's Notice to Remove and Issue a Temporary Restraining Order and Preliminary Injunction ("Notice") [Docket No. 1]. The Levingers have removed a proceeding brought against them by plaintiff Indymac Ventures LLC ("Indymac") in Colorado state court pursuant to Colorado Rule of Civil Procedure 120, which provides that a party seeking to foreclose on and sell a property must seek a court order to do so.

     Pursuant to the procedures provided for by Rule 120, Indymac filed a motion for an order authorizing sale. *See* Colo. R. Civ. P. 120. The Levingers filed a motion to dismiss. The state district court denied the Levingers' motion and issued an order authorizing the Public Trustee to sell the property. The foreclosure sale is scheduled for September 3, 2010.

     By filing their Notice, the Levingers removed the Rule 120 proceeding to this Court. To the extent the Levingers seek to have this Court upset the order authorizing

sale in the context of this now-removed Rule 120 proceeding, Rule 120 does not provide a mechanism to do so. *See* Colo. R. Civ. P. 120(d) ("Neither the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment."). The Rule 120 foreclosure proceeding in Colorado involves "issuance of orders by the state district court authorizing and confirming the sale" and the "largely administrative" process of conducting the sale. *See Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591, *2 (D. Colo. May 7, 2007). At the time of removal, the Rule 120 proceeding had apparently entered the administrative aspect of the process. The Levingers cite no authority authorizing this Court, in the context of a removed Rule 120 proceeding, to prevent that administrative process from proceeding.[1] *Cf. Beeler*, 2007 WL 1346591, at *3 (finding that "regardless of whether the foreclosure process had or has been concluded, it is appropriate for the Colorado District Court rather than this Court to determine the issues presented in this matter," relying on the *Rooker-Feldman* and *Younger* doctrines in a removed action).

Instead of challenging the order authorizing sale through the removed Rule 120 proceeding, the Levingers are authorized to raise arguments concerning the validity of the foreclosure in a separate action. Rule 120 expressly provides that the court's order approving the sale is "without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction." Colo. R. Civ. P. 120(d); *see United Guar. Residential Ins. Co. v. Vanderlaan*, 819 P.2d 1103, 1105 (Colo. App. 1991) (plaintiff's failure to raise a defense to deficiency in a Rule 120 proceeding did not

---

[1]The Court also notes that removal is limited to "those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (citation omitted).

preclude later challenge; "[P]roceedings pursuant to C.R.C.P. 120 are not adversarial in nature, are not final, and generally no appeal may be taken to review the resulting orders. . . . Accordingly, since no final judgment was entered, neither the principles of res judicata nor collateral estoppel bars the defense." (citations omitted)).

The Court notes that among the documents filed with their Notice is a Motion for Stay of Foreclosure Sale. *See* Docket No. 1-1 at 27. The Levingers addressed that motion to the state district court, requesting a stay of the foreclosure sale "pending the full determination of the action now pending in the United States District Court." Docket No. 1-2 at 35, ¶ 30. The Levingers are apparently referring to a complaint addressed to this Court that they also filed with the other materials attached to their Notice. At present, however, they have not initiated a federal action that is distinct from the removed Rule 120 proceeding. Therefore, if the Levingers seek to assert such a collateral attack through a separate action in this Court, they must initiate a new action with their complaint as the operative pleading. Within that new case, the Levingers have the option of filing a motion for temporary restraining order which strictly complies with Federal Rule of Civil Procedure 65 and Local Rules 65.1 and 7.1.[2]

For the foregoing reasons, it is

**ORDERED** that this case is REMANDED to the District Court, Summit County, Colorado, where it was filed originally as Case No. 10CV334.

---

[2]The Levingers appear to be seeking only monetary damages and to be relieved of their obligations under the mortgage loan. It is not clear that they wish, or are in a position, to pay for the amounts due – even those that are not in dispute – under the terms of the loan. Therefore, upon the filing of any motion for temporary restraining order in a separately filed action, the Levingers should clearly articulate how the foreclosure sale will prevent them from receiving all the forms of relief they seek in the litigation.

DATED August 30, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge